```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

MALIBU MEDIA, LLC,            )
                              )
            Plaintiff,        )
                              )
      v.                      )      No. 13 C 8473
                              )
JOHN DOE, subscriber assigned )
IP address 67.184.209.137,    )
                              )
            Defendant.        )
```

MEMORANDUM ORDER

This is the most recent of a substantial number of actions by Malibu Media, LLC ("Malibu Media") that are or have been assigned to this Court's calendar via the random assignment system employed by this District Court. From the time that Malibu Media first showed up on this Court's calendar as a plaintiff asserting copyright infringement on the part of "John Doe" defendants, this Court's primary focus -- as with all other cases brought by plaintiffs employing the BitTorrent protocol -- was on limiting the number of defendants sued in the same action to a greater extent than many of its colleagues (those who view what constituted a "swarm" in a materially different way). That approach has resulted in Malibu Media's more recent lawsuits, though still brought against defendants identified as "John Doe" rather than by a person's real name, targeting only a single party with a specifically identified IP number.

Some new developments, however, have suggested to this Court that its above-described focus may have been unduly narrow. No

fewer than three District Judges from this Circuit -- each from Wisconsin -- have leveled sharp criticism at Malibu Media's practice of including, as complaint exhibits, the listing of downloaded titles that do not correspond to the copyright in suit.  Most recently Judge Rudolph Randa has issued a December 12, 2013 Decision and Order in three Malibu Media cases before him that concluded by imposing a $200 sanction in each of those cases because, as stated on page two of that Decision and Order:

> Some of these titles are crude, obscene, and pornographic, much more so than the works copyrighted by Malibu Media, a purveyor of "sophisticated erotica." Thus, an initially anonymous defendant, who may or may not be guilty of infringing Malibu Media's copyrights, would likely feel pressured to enter a quick settlement to avoid having his or her name associated with a particularly embarrassing list of pornographic films.

To the extent that this Court may perhaps have been delinquent in limiting its scrutiny to Malibu Media's complaints themselves, without paying specific heed to that aspect of the attached exhibits, that oversight should be cured.  In that respect the possible imposition of monetary sanctions poses obvious problems.  For example, this Court has no notion of Malibu Media's financial position -- information that is needed to determine how much of a sanction would be called for to serve as a meaningful deterrent.

That has led to this Court's adoption of a different means aimed at the same goal, under which Malibu Media is ordered:

    1.  to strike from the files, in all of its pending

2

cases before this Court, the exhibits listing any titles, whether or not the "John Doe" or "John Does" targeted as defendants in those cases have in fact downloaded those titles; and

    2. to omit any exhibits listing downloaded titles, whether or not they correspond to the copyrights in suit, from the complaints in any of its cases hereafter assigned to this Court's calendar.

Lest Malibu Media and its counsel view those requirements as problematic, this memorandum order will conclude with two explanatory comments.

First, those listings really perform only an evidentiary function (assuming their admissibility, of course, a subject to which this Court devotes no attention at this point), rather then their specific content being a substantive element of Malibu Media's infringement claim. It is fundamental that the federal principles of notice pleading do <u>not</u> call for the pleading of evidence. To the extent the future course of any lawsuit may call for the possible court filing of any such information, appropriate protection can be provided by a protective order.

Second, this Court of course recognizes that by definition the judge to be assigned to a case is not known to a plaintiff before the complaint is filed -- but if and to the extent that this Court's colleagues may be disinclined to impose the same

second requirement that is spelled out in this memorandum order, Malibu Media can simply follow that requirement in every new case it files in this District Court, thereafter supplementing any complaint that is assigned to any of this Court's colleagues who do not choose to impose the same restrictive requirement.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Dated:    December 17, 2013